UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SINETH MOR, | ) | 1:05-CV-1348 OWW SMS HC |
|       Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION |
| JOHN ASHCROFT, et al., | ) | |
|       Respondents. | ) | |

Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 26, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court.  Documents including a "Litigant Letter" were mailed to Petitioner.  On November 8, 2005, the documents mailed to Petitioner were returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter

of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for since October 26, 2005. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

## RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and

U.S. District Court
E. D. California        cd                                    2

filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 26, 2006**                           **/s/ Sandra M. Snyder**
icido3                                                             UNITED STATES MAGISTRATE JUDGE